## No. 7835.

### VICTOR MAURIN ET AL. VS. THE TOWN OF DONALDSONVILLE.

The bonds sued upon having been issued in settlement, by compromise, of former claims against the municipal corporation, as in the preceding case of Widow Viléor Dugas vs. The Town of Donaldsonville, the fact that the original claims were prescribed when the new bonds were issued, is no defense to an action on said bonds.

APPEAL from the Fourth Judicial District Court, parish of Ascension. *Duffel*, J.

*R. N. Sims* for Plaintiffs and Appellees.
*Nicholls & Pugh* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. The bonds here sued on are of the same series with those involved in the cases of Oubre and Dugas vs. the same defendants, just decided.

The only point peculiar to this case and not expressly disposed of in

the above decisions, is the defense that the pre-existing bond, in settlement of which those sued on were issued, was prescribed at the date of the latter.

Under the views expressed by us in the Dugas case to the effect that the settlement between the town and claim-holders in 1866, under which the new bonds were issued, was in the nature of a compromise or transaction, within the powers granted to the corporate officials by Act 69 of 1861, and therefore valid, we think the defense of prescription as well as all other objections to the anterior claims were waived thereby, and cannot be revived in an action to enforce the compromise.

It is not pretended that there was any error of fact as to the *status* of the old bond. On the contrary, upon its face, it was more than five years past due. *Non constat* that proof of interruption of prescription might not have existed; or that the town council might not have known, or thought, or feared, that such proof did exist, or might not have believed, through error of law, that the prescription of five years was not applicable. At all events, in the exercise of their judgment, they thought it to the interest of the town to compromise and settle with bonds issued under the wide legislative authority which had been conferred upon them. This excludes the defense.

The numerous authorities cited would apply only to a suit upon the prescribed bond itself, and cannot be invoked in an action on new obligations issued in carrying out a compromise.

For these reasons and for those assigned in the cases of Oubre and Dugas vs. Town of Donaldsonville, Nos. 7769 and 7770 of the docket of this Court,

It is ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed; and proceeding to render such judgment as should have been rendered by the lower court, it is now ordered, adjudged and decreed that the following be recognized and declared to be the amount remaining unpaid upon the bonds held by plaintiffs and sued on in this case, to wit: the sum of $4113 83, with five per cent *per annum* interest on $235 07 from April 1st, 1872, on $235 07 from April 1st, 1873, on $235 07 from April 1st, 1874, on $235 07 from April 1st, 1875, and on $235 07 from April 1st, 1876; and with eight per cent *per annum* interest on $2938 48 from April 1st, 1876; that plaintiffs be recognized and declared to be creditors of the defendant for their ratable share of the six thousand dollars remaining unpaid out of the provision made for the redemption of the principal and interest of the bonds issued under the resolution of the Mayor and Board of Selectmen of defendant dated March 20th, 1866, said ratable share to be the proportion of said six thousand dollars which the amount remaining unpaid on plaintiffs' bond, as above settled, shall bear to the amount

NEW ORLEANS, MAY, 1881. 673

remaining unpaid on all the bonds issued in pursuance of said resolution; and that the defendant be condemned to pay the amount of said ratable share.

It is further ordered that the tax collector proceed forthwith to collect the special tax of one thousand dollars levied by the ordinance of March 20th, 1866, on the assessment rolls of 1871, 1872, 1873, 1874, 1875 and 1876, and to turn the proceeds over to the treasurer or proper authorities of the Town of Donaldsonville to be applied to the satisfaction of the debt due plaintiffs according to the principles stated in this decree, and subject to the orders of the court *a qua* in execution thereof.

And that the costs of this appeal be paid by plaintiffs and appellees, and those of the lower court by defendant.